**J. C. PENNEY COMPANY, Inc., a Delaware Corporation, Plaintiff,**

v.

**PARRISH COMPANY, Inc., an Idaho Corporation, Defendant.**

Civ. No. 1 71 64.

United States District Court, D. Idaho.

Aug. 13, 1971.

Peter J. Boyd, Elam, Burke, Jeppesen, Evans & Boyd, Boise, Idaho, Allan D. Shafter and Neil Baumgarten, New York City, for plaintiff.

Max F. Parrish, Pocatello, Idaho, for defendant.

## ORDER FOR TEMPORARY INJUNCTION

FRED M. TAYLOR, District Judge.

Plaintiff has filed in this Court its verified complaint, alleging trademark infringement and unfair competition, Motion for Preliminary Injunction, Memorandum in Support of said motion and Affidavits of Fact made by officers and associates of plaintiff in support of said Motion. Due notice was given to defendant, and defendant appearing through its attorney, Max Parrish, and the plaintiff appearing through its attorney, Peter J. Boyd, of the firm of Elam, Burke, Jeppesen, Evans & Boyd, and the Court having heard arguments of counsel and having examined the proof and being fully advised in the premises, finds that a temporary injunction should issue and makes the following findings in respect thereto:

1. The Court has jurisdiction of the parties and the subject matter of plaintiff's first claim pursuant to Sec. 1338(a), Title 28 U.S.C., and Sec. 1121, Title 15 U.S.C. and venue lies in this District pursuant to Sec. 1391(c), Title 28 U.S.C.; the Court has jurisdiction of the subject matter of plaintiff's second claim pursuant to Sec. 1338(a), Title 28

U.S.C., and jurisdiction of plaintiff's third claim pursuant to Sec. 1338(b), Title 28 U.S.C. it being one for unfair competition joined with substantial and related claims under the Trademark Laws.

2. Each of plaintiff's "PENNEY" retail stores, including those within this District are designated by one or more of plaintiff's trade names and marks "J. C. PENNEY", "PENNEY", and "PENNEYS".

3. Said trade names and marks are also used to designate and denote substantially all of the diverse goods sold by the "PENNEY" stores.

4. Plaintiff's trade names and marks aforesaid are derived from the name of the founder of plaintiff's business, the late James Cash Penney.

5. The mark PENNEYS (PENNEY'S) is owned by and is registered to plaintiff in the United States Patent Office under Registration No. 548,664, issued September 25, 1961, No. 606,113 issued May 17, 1955, and No. 883,980 issued January 13, 1970.

6. Plaintiff owns and uses other trademarks, in combination with its house mark PENNEYS to designate and denote various types of PENNEYS merchandise. Among said other trademarks owned by plaintiff are P symbol, TOWNCRAFT, CAROL EVANS, GAYMODE, ARRESTA–RUN and ADONNA.

7. The trademark "P" symbol is registered to plaintiff in the United States Patent Office under Trademark Registration No. 911,865.

8. The trademark TOWNCRAFT is registered to plaintiff in the United States Patent Office under Trademark Registration Nos. 231,906; 328,893; 369,934; and 797,853.

9. The trademark CAROL EVANS is registered to plaintiff in the United States Patent Office under Trademark Registration Nos. 835,977; 817,421; 790,029; 391,625; and 866,010.

10. Plaintiff is also the owner of an application for the trademark CAROL EVANS, which application is pending in the United States Patent Office under serial number 331,700. The said trademark was published for opposition in the June 22, 1971, issue of the Official Gazette of the United States Patent Office on page T.M. 226.

11. The trademark GAYMODE is registered to plaintiff in the United States Patent Office under Trademark Registration Nos. 810,026; 810,176; 785,646; 633,240; 286,853; and 782,901.

12. The trademark ARRESTA–RUN is registered to plaintiff in the United States Patent Office under Trademark Registration No. 757,819.

13. The trademark ADONNA is registered to plaintiff in the United States Patent Office under Trademark Registration No. 292,593.

14. Defendant owns, and operates under the name of "Parrish Furniture & Appliances" a retail store within this district: 4537 Yellowstone, Pocatello, Idaho.

15. Defendant's Parrish Furniture & Appliances in Pocatello is located just within three (3) miles of plaintiff's PENNEY store in Pocatello.

16. Defendant has obtained, displayed for sale, advertised for sale and sold quantities of PENNEYS merchandise including apparel for men and boys, women and girls, children and infants bearing one or more of plaintiff's trade names or trademarks J. C. PENNEY, PENNEY, PENNEYS, P symbol, TOWNCRAFT, CAROL EVANS, GAYMODE, ARRESTA–RUN and ADONNA.

17. Defendant did not acquire said merchandise from plaintiff.

18. Defendant has had notice, actual and constructive, of plaintiff's ownership and registration of said trade names and trademarks.

19. Defendant has also advertised in newspapers the sale of said PENNEYS merchandise and offered for sale said PENNEYS merchandise to the public without removing plaintiff's trade

names, trademarks and original price tags from it.

20. Plaintiff unconditionally guarantees all PENNEYS merchandise including that designated by the trademarks PENNEYS, P symbol, TOWNCRAFT, CAROL EVANS, GAYMODE, ARRESTA–RUN and ADONNA. Any purchaser of PENNEYS merchandise who is dissatisfied with his purchase may return the merchandise to plaintiff and receive either a refund of the purchase price or exchange merchandise.

21. Certain items of PENNEYS merchandise acquired and being displayed and sold by defendant bearing plaintiff's trademarks as aforesaid, are either defective in quality, damaged or out of style, but defendant nonetheless sells such PENNEYS merchandise to the public.

22. Defendant has displayed, advertised in newspapers and sold merchandise bearing PENNEYS trademarks at prices substantially lower than the prices at which plaintiff advertised and offered for sale similar merchandise in PENNEYS stores.

23. Defendant displays and offers for sale merchandise bearing plaintiff's trademarks in its Parrish Furniture & Appliances store in close proximity with merchandise of others.

24. Plaintiff has demanded that defendant cease its display and sale and newspaper advertising of merchandise bearing plaintiff's trademarks, but defendant has failed to do so.

25. Defendant's sales and newspaper advertising of defective, damaged and out of style PENNEYS merchandise, without removing plaintiff's trade names and trademarks from it may cause the public to believe plaintiff's PENNEYS merchandise sold in its stores is of poor and inferior quality.

26. Defendant's sales and newspaper advertisements of PENNEYS merchandise, whether defective, damaged or not, at prices which are substantially lower than plaintiff's prices for the same merchandise, may cause the public to believe that plaintiff is making an inordinately high profit on its merchandise and is guilty of overcharging the public.

27. Defendant's sales and newspaper advertisements of merchandise bearing plaintiff's trademarks may cause the public to believe that defendant has acquired its PENNEYS merchandise from plaintiff and, in consequences, may cause the public to believe further that plaintiff's PENNEY stores are unable to sell all their PENNEYS merchandise and unload such "unsalable" merchandise by distress sales to such outlets as defendant.

28. Defendant's display of merchandise bearing plaintiff's trademarks in its Parrish Furniture & Appliances store, in close proximity to merchandise of others may damage and erode the public confidence in plaintiff and in plaintiff's PENNEYS merchandise.

29. Defendant's sale and newspaper advertisements of defective or damaged PENNEYS merchandise without removing plaintiff's trade names and trademarks from it, may cause and enable certain of defendant's customers to take said defective or damaged merchandise to plaintiff's PENNEYS stores and obtain either first quality PENNEYS merchandise in replacement for said defective or damaged merchandise or plaintiff's refund of plaintiff's full price for said defective PENNEYS merchandise.

30. Unless defendant is restrained and prevented from continuing its unauthorized use of plaintiff's trade names and marks plaintiff may suffer irreparable injury.

31. Plaintiff has no adequate remedy at law.

32. The acts of the aforesaid defendant constitute infringement of plaintiff's trade names and trademarks and unfair competition; therefore

It is ORDERED, ADJUDGED and DECREED and this does ORDER, ADJUDGE and DECREE:

1. That defendant, Parrish Company, Inc. and its Parrish Furniture & Appli-

ances store, their officers, agents, representatives, employees and successors and all other persons in active concert and participation with them, should be and they are hereby temporarily restrained and enjoined from displaying, offering for sale, advertising for sale, or selling any merchandise which bears any of plaintiff's trade names or trademarks, J. C. PENNEY, PENNEY, PENNEYS, P symbol, TOWNCRAFT, CAROL EVANS, GAYMODE, ARRESTA–RUN and ADONNA, during the pendency of this action, or until the further order of this Court.